## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) MILTON DAVID COLLINS,<br>2) ERICKA COLLINS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>1) DYLAN MULKEY, in his individual<br>　capacity,<br>2) TIM TIPTON, in his individual capacity,<br>3) STATE OF OKLAHOMA, ex rel.<br>DEPARTMENT OF PUBLIC SAFETY,<br><br>　　　　Defendants. | Case No.: 24-cv-00144-CDL<br><br>ATTORNEY LIEN CLAIMED<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

COME NOW, the Plaintiffs, Milton David Collins and Ericka Collins, and for their Complaint against Defendants, Dylan Mulkey, Tim Tipton, and the State of Oklahoma, ex rel. Department of Public Safety, allege and state as follows:

### PARTIES

1.　Plaintiff Milton David Collins ("Mr. Collins" or "David") is an individual and a resident of Tulsa County, Oklahoma.

2.　Plaintiff Ericka Collins ("Mrs. Collins" or "Ericka") is an individual and a resident of Tulsa County, Oklahoma. David Collins and Ericka Collins are husband and wife.

3.　Defendant Dylan Mulkey ("Mulkey" or "Trooper Mulkey") was at all times an Oklahoma Highway Patrol ("OHP") State Trooper employed by the Oklahoma Department of Public Safety and at all relevant times a resident of the State of Oklahoma. Trooper Mulkey is being sued in his individual capacity for his personal involvement and participation in the violation

of Plaintiffs' rights, while acting under the color of State law, as set forth herein. At all times pertinent, Mulkey was acting within the scope of his employment as an OHP State Trooper.

4. Defendant Tim Tipton ("Tipton" or "Defendant Tipton") was at all pertinent times the Commissioner of the Oklahoma Highway Patrol ("OHP") employed by the Oklahoma Department of Public Safety and at all relevant times a resident of the State of Oklahoma. Defendant Tipton is responsible for the training and supervision of OHP employees as well as the policies, practices, and/or customs in place for OHP. Mr. Tipton is being sued in his individual capacity under the theory of supervisory liability.

5. The Oklahoma Department of Public Safety ("DPS") is an Oklahoma State agency. OHP operates under the purview and supervision of DPS. Plaintiff's claims against Defendant State of Oklahoma, ex rel. Department of Public Safety are brought under the Oklahoma Governmental Tort Claims Act ("GTCA"), which is the exclusive method of bringing tort claims against the state of Oklahoma.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343 to secure protection of and to redress deprivations of rights secured by the Fourth Amendment to the United States Constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under the color of law.

7. This Court also has original jurisdiction under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

8. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, since the claims form part of the same case or controversy arising under the United States Constoution and federal law.

9. The acts complained of herein occurred in Tulsa County, Oklahoma, which is also where the Plaintiffs reside . Jurisdiction and venue are thus proper under 28 U.S.C. §§ 116(a) and 1391(b).

## FACTUAL BACKGROUND

10. On the evening of August 30, 2022, shortly after 8:00 p.m., Mrs. Collins was driving herself and Mr. Collins back to their home in Bixby, OK from dinner.

11. As Mrs. Collins was travelling westbound on 181st Street South near Memorial Drive, she passed Oklahoma Highway Patrol ("OHP") Trooper Ethan Mulkey ("Trooper Mulkey" or "Mulkey"), who was travelling eastbound.

12. Without any probable cause that the Collinses had committed any driving infraction or crime, Mulkey suddenly pulled a U-turn after passing Mrs. and Mr. Collins and followed them into their neighborhood.

13. Mulkey did not turn on his lights and sirens until Plaintiffs turned into their neighborhood, and Mulkey was a couple of blocks behind them, so nothing indicated to the Plaintiffs that Mulkey was attempting to conduct a traffic stop.

14. Mrs. Collins lawfully turned into her driveway, located a couple of blocks from 181st and Memorial, and she and her husband exited their vehicle to go into their house.

15. As Mr. and Mrs. Collins exited their vehicle, Mulkey pulled into their driveway and yelled at them to get back into their car, without explaining why he had sped onto their property.

16. Mr. Collins told Mulkey it was his house but that he would comply with the order to get inside the car.

17. Mr. Collins then got his driver's license and Tribal Card out of his wallet for Mulkey and placed it on the trunk of his vehicle.

18. At no time was Mr. Collins noncompliant, resisting, attempting to flee, or threatening in any way.

19. Yet, after Mr. Collins put his driver's license on his trunk and was getting back in the car, Mulkey ordered Mr. Collins to show his hands and turn around.

20. Mr. Collins, who, again, had not even been driving and was standing in his own driveway, was not suspected of *any crime.*

21. Mr. Collins then put up his hands and took a small step towards Mulkey, in compliance with his order.

22. Mulkey, without provocation, punched Mr. Collins in the face with an open-handed strike, grabbed Mr. Collins, and violently threw him to the ground.

23. Mulkey then grabbed Mr. Collins's hands and sat on his back. While Mr. Collins was compliant and subdued on the ground, Mulkey punched him in the head with his left hand and kneed him in the torso before handcuffing Mr. Collins.

24. Mrs. Collins witnessed Mulkey's excessive force and stood by her car filming the interaction.

25. Mulkey then told the handcuffed Mr. Collins to get on the ground, but before he could comply, Mulkey kicked the back of Mr. Collins's leg, knocking him to the ground.

26. The unreasonable and unnecessary kick tore Mr. Collins' anterior cruciate ligament (ACL).

27. At this time, Mr. Collins was compliant, not resisting, handcuffed, not suspected of any crime, and not a threat to himself or anyone else.

28. Mulkey then told Mrs. Collins to put her hands behind her back, which she did without incident.

29. Mrs. Collins had done absolutely nothing wrong, yet Mulkey handcuffed her and put her on the ground. At the time, Mrs. Collins was compliant, not resisting, not attempting to flee, posed no threat to herself or anyone else, and was not suspected of any crime.

30. Mr. and Mrs. Collins were both subsequently arrested. Mr. Collins was arrested for resisting arrest, public intoxication, and obstruction. Mrs. Collins was arrested for driving under the influence, obstruction, and attempted escape from detention.

31. There was a complete absence of probable cause to arrest either Mr. or Mrs. Collins for any crime. Indeed, the charges against both Mr. and Mrs. Collins were dropped.

32. Less than a year later, on March 25, 2023, Mulkey conducted a traffic stop on Mr. Collins near 151st Street South and Memorial Drive because Mr. Collins' license plate allegedly had an "illegal tag frame."

33. Mulkey, however, had absolutely no reasonable suspicion or probable cause to pull Mr. Collins over. Upon information and belief, Mulkey recognized Mr. Collins and pulled him over simply to harass him.

34. Mr. Collins was charged with driving with a suspended license, not wearing a seatbelt, and driving with unsafe or missing equipment (for the allegedly illegal license plate cover). All charges were dropped less than a month later in the interests of justice.

35. As a direct and proximate result of the Mulkey's excessive force and wrongful arrest of Plaintiffs, Plaintiff suffered injuries, including, but not limited to, significant physical injuries, physical pain and suffering, mental anguish, medical expenses, and disfigurement.

<u>**CLAIM FOR RELIEF**</u>

**CLAIM I**
**Excessive Force**
**(Pursuant to 42 U.S.C. § 1983)**
**(Defendants Mulkey and Tipton)**

### A. Trooper Mulkey's Individual Liability

36. Paragraphs 1 through 35 are incorporated by reference, as though fully set forth herein.

37. The force used on Mr. Collins by Defendant Mulkey was excessive and in violation of his rights under the Fourth Amendment of the United States Constitution. The force was not reasonable or justifiable under the circumstances.

38. At the time of the first use of force – when Trooper Mulkey punched Mr. Collins and threw him to the ground– Mr. Collins was standing in his own driveway and not suspected of any crime. He complied with Mulkey's (unlawful) orders and posed no threat of harm to Trooper Mulkey or anyone else.

39. At the time that Mulkey kicked Mr. Collins's legs out from under him, tearing his ACL, Plaintiff was suspected of, *at the very worst,* a nonviolent misdemeanor, was fully compliant, subdued, handcuffed, not resisting, not attempting to flee, and posed no threat of harm to Trooper Mulkey or anyone else.

40. Defendant Mulkey was at all times acting under the color of State law and within the scope of his employment.

41. As a direct and proximate result of the excessive force, Mr. Collins suffered injuries, including, but not limited to, significant physical injuries, pain and suffering, medical bills, and mental anguish.

### B. Supervisory Liability (against Defendant Tipton)

42. Paragraphs 1-41 are incorporated herein by reference.

43. Commissioner Tipton held a supervisory position with OHP and was directly involved in the creation and implementation of policies, oversight, and training of OHP employees, including concerning the use of force.

44. Upon information and belief, the need of additional and different training and supervision with respect to the use of force was so obvious to Defendant Tipton that he was deliberately indifferent to the acts of OHP personnel, including but not limited to Defendant Mulkey. This resulted in the knowing creation of a dangerous environment for Plaintiffs and all citizens who may come in contact with OHP personnel.

45. Defendant Tipton's failure to train and supervise his subordinates directly and proximately caused violations of Plaintiff's federally protected rights, which caused Plaintiffs to endure physical abuse, pain, suffering, mental pain and anguish.

46. Upon information and belief, Commissioner Tipton was aware that OHP Troopers had a policy, practice, and/or custom of using unreasonably excessive force on compliant and subdued civilians, like the Plaintiffs, who posed no threat to law enforcement officers or anyone else.

47. Upon information and belief, not only did Tipton permit these practices to continue unabated, he also personally ensured that OHP Troopers who used unreasonably excessive force went unpunished, even when OHP supervisors, such as Captains, brought reports of excessive force to Tipton's attention for review.

48. Upon information and belief, Tipton has, on at least one occasion, actually disciplined an OHP Captain who attempted to discipline a Trooper under his command, Trooper Mulkey, for using obviously excessive force on multiple occasions throughout 2022.

49. In fact, upon information and belief, Tipton disciplined an OHP Captain for attempting to discipline Trooper Mulkey for his interactions with and arrests of Mr. and Mrs. Collins – and interactions with and arrests of other citizens – which the Captain identified as being in violation of OHP written policy.

50. In committing the acts complained of herein, Defendant Tipton acted under color of law to deprive Plaintiffs of their constitutionally protected rights.

51. As a direct and proximate result of Defendant Tipton's failure to train and supervise, Plaintiffs suffered injuries and damages as alleged herein.

## CLAIM II
## Negligent Use of Force
## (GTCA)

52. Paragraphs 1-51 are incorporated herein by reference.

53. In Oklahoma, "[a] defendant is generally said to owe a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks that make the conduct unreasonably dangerous." *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dep't*, 230 P.3d 869, 878 (Okla. 2010).

54. Because, however, the act of making an arrest necessarily involves some risk of harm to the arrestee, "a police officer has a special dispensation from the duty of ordinary care not to endanger others." *Morales*, 230 P.3d at 880.

55. In particular, "[a] police officer's duty … is to use only such force in making an arrest as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the arrest." *Id.*

56. Here, Trooper Mulkey owed a duty to Mr. Collins to use only such force in securing his cooperation as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the incident.

57. Trooper Mulkey violated and breached that duty by using objectively unreasonable and excessive force as described herein.

58. As a direct proximate result of Trooper Mulkey's negligence, Mr. Collins suffered actual physical injuries, medical expenses, mental and physical pain and suffering and other damages and losses as described herein, entitling Mr. Collins to recover compensatory and special damages in amounts to be determined at trial.

59. At all pertinent times, Trooper Mulkey was acting within the scope of his employment with OHP, and the State of Oklahoma, ex rel. Department of Public Safety is vicariously liable for his negligent use of force.

60. Mr. Collins timely submitted a notice of a claim, pursuant to the GTCA, within one year of the incident described herein. Plaintiff timely filed his Complaint within 180 days of the denial of that claim.

## CLAIM III
## Wrongful Arrest in Violation of the Fourth and/or Fourteenth Amendments
### (Pursuant to 42 U.S.C. § 1983)
### (Defendants Mulkey and Tipton)

61. Paragraphs 1-60 are incorporated herein by reference

**A. Mulkey's Individual Liability**

62. In determining the existence of probable cause, Courts are required to include exculpatory evidence that was ignored, omitted or suppressed by law enforcement.

63. When one considers the evidence that was omitted, ignored or suppressed by Trooper Mulkey, there was plainly no probable cause for the arrest of either Mr. or Mrs. Collins.

9

64. As discussed, supra: 1) Mrs. Collins committed no traffic infraction that warranted being stopped by Mulkey; 2) Mr. and Mrs. Collins were on their own property and could not have been suspected of any crime when Mulkey came onto their property and began shouting unlawful orders at them; 3) Mr. Collins was always fully cooperative, fully complied with Mulkey's orders and did not attempt to flee; and 4) Mrs. Collins was always fully cooperative, fully complied with Mulkey's orders and did not attempt to flee.

65. Yet, Trooper Mulkey unnecessarily used excessive force on Mr. Collins and arrested him for resisting arrest, obstruction, and public intoxication (despite the fact that Mr. Collins was on his own property and provided proof of that to Trooper Mulkey immediately). Mulkey also arrested Mrs. Collins for driving under the influence, obstruction, and attempted escape from detention.

66. These wrongful arrests lacked probable cause, as required by the Fourth Amendment, as applied to the States by the Fourteenth Amendment. These wrongful arrests violated Plaintiffs' Fourth Amendment right to be secure against unreasonable seizure, and violated Plaintiffs' Fourth Amendment-protected sense of security and individual dignity.

67. The charges against Plaintiffs were subsequently dropped.

68. The wrongful arrests of Plaintiffs were a proximate cause of Plaintiffs' imprisonment, delay in treatment for Mr. Collins's physical injuries, emotional distress, pain and suffering, and the damages as alleged herein.

**B. Supervisory Liability (against Defendant Tipton)**

69. Commissioner Tipton held a supervisory position with OHP and was directly involved in the creation and implementation of policies, oversight, and training of OHP employees, including concerning probable cause and lawful arrests.

70. Upon information and belief, the need of additional and different training and supervision with respect to probable cause and lawful arrests was so obvious to Defendant Tipton that he was deliberately indifferent to the acts of OHP personnel, including but not limited to Defendant Mulkey. This resulted in the knowing creation of a dangerous environment for Plaintiffs and all citizens who may come in contact with OHP personnel.

71. Defendant Tipton's failure to train and supervise his subordinates directly and proximately caused violations of Plaintiff's federally protected rights, which caused Plaintiffs to endure physical abuse, pain, suffering, mental pain and anguish.

72. Upon information and belief, Commissioner Tipton was aware that OHP Troopers had a policy, practice, and/or custom of unlawfully arresting citizens, like Plaintiffs, without probable cause.

73. Upon information and belief, not only did Tipton permit these practices to continue unabated, he also personally ensured that OHP Troopers, including Mulkey, who arrested citizens without probable cause went unpunished, even when OHP supervisors, such as Captains, brought reports of unlawful arrests to Tipton's attention for review.

74. Upon information and belief, not only did Tipton permit these practices to continue unabated, he also personally ensured that OHP Troopers who arrested citizens without probable cause went unpunished, even when OHP supervisors, such as Captains, brought reports of excessive force to Tipton's attention for review.

75. In fact, upon information and belief, Tipton disciplined an OHP Captain for attempting to discipline Trooper Mulkey for his interactions with and arrests of Mr. and Mrs. Collins, which the Captain identified as being in violation of OHP written policy.

76. In committing the acts complained of herein, Defendant Tipton acted under color of law to deprive Plaintiffs of their constitutionally protected rights.

77. As a direct and proximate result of Defendant Tipton's failure to train and supervise, Plaintiffs suffered injuries and damages as alleged herein.

## CLAIM IV
## False Arrest
## (GTCA)

78. Paragraphs 1-77 are incorporated herein by reference.

79. "An arrest, with or without a warrant, cannot be valid unless the officer has reason to believe a crime has been or is being committed, which is the probable cause required to effect a valid arrest." *Overall v. State ex rel. Dept. of Public Safety,* 910 P.2d 1087, 1091 (Okla. App. Div. 4, 1995).

80. As described, *supra,* Trooper Mulkey arrested Plaintiffs without any probable cause that they had committed any crime. As such, the arrests were tortious.

81. As a direct proximate result of Trooper Mulkey's false arrests, Plaintiffs suffered damages, including mental pain and suffering and other damages and losses as described herein, entitling Plaintiffs to recover compensatory and special damages in amounts to be determined at trial.

82. At all pertinent times, Trooper Mulkey was acting within the scope of his employment with OHP, and the State of Oklahoma, ex rel. Department of Public Safety is vicariously liable for his unlawful arrests of Plaintiffs.

83. Plaintiffs timely submitted notices of a claim, pursuant to the GTCA, within one year of the incident described herein. Plaintiffs timely filed this Complaint within 180 days of the denial of those claims.

**PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, Plaintiffs pray this Court grant the relief sought, including but not limited to actual and compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, the costs of bringing this action, a reasonable attorneys' fee, along with such other relief as is deemed just and equitable

Respectfully submitted,

/s/Daniel E. Smolen
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
Smolen & Roytman
701 S. Cincinnati Ave.
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669
**Attorneys for Plaintiff**